# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 963 | **DATE** | 8/13/2001 |
| **CASE TITLE** | Kleeberg vs. Norfolk Southern Railway | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, the Court denies defendant Norfolk Southern's motion for summary judgment (32-1). The previously set dates for filing the final pretrial order in the form provided by Local Rule 16.1, and for trial, remain in effect. The case is set for a final pretrial conference on 10/26/01 at 4:00 p.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | AUG 1 6 2001 date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| OR | courtroom deputy's initials | FILED FOR DOCKETING 01 AUG 15 PM 4:50 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |


DOCKETED
AUG 16 2001

STAN KLEEBERG and )
TAMMY KLEEBERG, )
)
Plaintiffs, )
)
vs. ) Case No. 00 C 963
)
NORFOLK SOUTHERN RAILWAY CO., )
CONTINENTAL TIRE RECYCLERS, )
and THOMAS AGUILAR, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On July 11, 1998, plaintiff Stan Kleeberg was the conductor of a Norfolk Southern Railway freight train that was eastbound in Hammond, Indiana. Thomas Aguilar, a truck driver for Continental Tire Recyclers, was at a tire store adjacent to the train tracks dropping off an empty trailer and picking up a loaded trailer. He parked the empty trailer next to the tracks and unhooked it, and then moved the loaded trailer so that he could park the empty trailer in its place, leaving the loaded trailer about three feet away from the tracks. After parking the empty trailer, he returned to hook his tractor to the loaded trailer. When he backed into the trailer, Aguilar bumped it and knocked it back at an angle such that the left front corner of the trailer was out over the train tracks by perhaps as much as a foot or two. Due to the angle at which the trailer was sitting, Aguilar was unable to hook up the trailer and left to get a piece of wood so that he could level it out.

Shortly after this, Kleeberg's train approached the area at the proper speed limit. Kleeberg was in the second seat of the locomotive facing forward. According to Kleeberg, his engineer shouted that they were going to collide and put on the emergency brakes. Kleeberg saw the trailer and realized it might impact the locomotive's front window, so he got out of his seat to move to the opposite side of the locomotive. He was able to move only a step-and-one-half before the impact occurred. The impact caused the locomotive to sway, and Kleeberg lost his balance, fell back into the seat, and suffered injuries.

Kleeberg and his wife Tammy Kleeberg have sued Norfolk Southern as well as Aguilar and Continental. His claim against the railroad is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. §51. Kleeberg contends that Norfolk Southern is liable because the seat in which he was sitting was defective and that this caused or contributed to his injury, or alternatively that the railroad failed to provide a safe workplace in that it did not prevent truck trailers from being left afoul of the railroad tracks. Norfolk Southern has moved for summary judgment. In determining whether a genuine issue of material fact exists, the Court is required to view the evidence in the light most favorable to Kleeberg, drawing reasonable inferences in his favor.

### 1. Allegedly defective seat

The two seats in the locomotive face each other. The second seat, in which Kleeberg was sitting, was supposed to be adjustable to permit it to be moved back from the first seat, but at the time of the accident it was broken and could not be moved. Thus the fronts of the two seats were touching each other, forcing Kleeberg to sit with his feet to the side rather than in front of him. He says that as a result, when he got up from the seat to move away from the front window, he

2

had trouble getting a proper stance. Kleeberg claims that this contributed to his fall or at least to the nature and seriousness of his fall.

The FELA provides that a railroad "shall be liable in damages to any person suffering injury while he is employed by such carrier ... resulting in whole or in part from the negligence of any of the officers, agents, or employees of [the railroad], or by reason of any defect or insufficiency, due to his negligence ...." 45 U.S.C. §51. Norfolk Southern argues that Kleeberg cannot establish that the allegedly defective condition of the seat caused his injury. "A plaintiff's burden in a FELA action is ... significantly lighter than it would be in an ordinary negligence case." *Williams v. National Railroad Passenger Corp.*, 161 F.3d 1059, 1061 (7th Cir. 1998). Specifically, the issue is whether "employer negligence played any part, even the slightest, in producing the injury." *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 543 (1994). In cases under the FELA, "[d]iscretion to engage in common sense inferences regarding issues of causation and fault is exclusively vested with the jury 'in all but the infrequent cases where fair-minded jurors cannot honestly differ whether fault of the employer played any part in the employee's injury.'" *Stasior v. National Railroad Passenger Corp.*, 19 F. Supp. 2d 835, 844 (N.D. Ill. 1998)(quoting *Walden v. Illinois Central Gulf R.R.*, 975 F.2d 361, 364 (7th Cir. 1992)).

The evidence supporting Kleeberg's theory of causation is sufficient to enable him to avoid summary judgment on his FELA claim. A jury reasonably could believe that the seat's immobility, in light of its placement up against the other seat, made it difficult for Kleeberg to get a good stance when he got up, and that if he had been able to get a good stance, he would not have fallen or at least would not have fallen into the seat. In short, there is evidence from which a jury could conclude that there was a "probable or likely causal relationship as opposed to

3

merely a possible one." *Stasior*, 19 F. Supp. 2d at 844.

Kleeberg also claims that the defective seat violated the Boiler Inspection Act, 49 U.S.C. §20701. The BIA imposes a duty upon railroads to maintain their locomotives in a safe and proper condition. Claims for violation of the Locomotive Inspection Act are prosecuted as actions under the FELA. *Urie v. Thompson*, 337 U.S. 163, 189 n.30 (1958). A violation of the provisions of the BIA or regulations promulgated pursuant to the BIA gives rise to absolute liability on the part of the railroad for injuries caused by the defective condition. *Lilly v. Grand Trunk Western R.R.*, 317 U.S. 481, 485 (1943); *McGinn v. Burlington Northern R.R.*, 102 F.3d 295, 298-99 (7th Cir. 1996). Conversely, at least under certain circumstances, compliance with a specific safety standard established under the BIA may relieve the railroad from liability. *See Waymire v. Norfolk & Western Ry.*, 218 F.3d 773, 775 (7th Cir. 2000) (concerning railroad's compliance with a standard imposed under the Federal Railroad Safety Act).

The regulations promulgated under the BIA do not require locomotive seats to be adjustable. But a locomotive or its parts and appurtenances may satisfy federal regulations and still be considered "unsafe" under the BIA's general provisions, which impose a "broad duty to keep all parts and appurtenances of its locomotives in proper condition and safe to operate without unnecessary peril to life or limb." *McGinn*, 102 F.3d at 298-99; *see also, e.g., Gregory v. Missouri Pacific R.R.*, 32 F.3d 160, 164 n.8 (5th Cir. 1994). This can occur when the railroad fails to maintain the locomotive or its parts and appurtenances and an unsafe condition results. *See, e.g., King v. Southern Pacific Transportation Co.*, 855 F.2d 1485, 1489 (10th Cir. 1988).

Kleeberg has a viable claim along these lines. Even though BIA's regulations did not impose on Norfolk Southern an obligation to make the locomotive's seats adjustable, here the

4

dangerous condition arose from its alleged failure to maintain the second seat. The defective nature of the seat arguably rendered it unsafe in light of the fact that it was jammed up against the first seat.

## 2. Allegedly unsafe workplace

As indicated earlier, Kleeberg also claims that the railroad failed to provide him with a reasonably safe workplace in that it did nothing to prevent trailers from being left hanging out over the tracks. This claim, of course, does not implicate the BIA. The FELA does not make a railroad the insurer of its employees' safety, *Williams*, 161 F.3d at 1061; the plaintiff is required to prove the common law elements of negligence, including foreseeability, i.e., "circumstances that 'a reasonable person would foresee as creating a potential for harm.'" *Id.* at 1062 (quoting *McGinn*, 102 F.3d at 300). Proof of foreseeability requires a showing of either actual or constructive notice of the allegedly dangerous condition. *Williams*, 161 F.3d at 1062-63.

The Court finds that a reasonable jury could conclude that it was foreseeable that trailers might be left hanging over the tracks at the particular location. The railroad's property evidently extended at least five or six feet from the edge of the tracks. There is evidence that it was common for trailers to be parked immediately adjacent to the tracks and within three feet of the tracks' edge – in other words, on the railroad's property – and that this could be seen clearly from trains which frequently passed the area. There was nothing between the parking lot and the train tracks to warn drivers that their trailers might be sticking out over the tracks or to deter or prevent them from leaving them that way. The combination of these factors reasonably could be found to have made foreseeable the dangerous condition that led to the collision. Nothing cited by Norfolk Southern persuades the Court that the FELA requires a showing that there had been a

5

prior similar incident before a particular condition is foreseeable – in other words, the FELA does not absolve a railroad from the first accident resulting from a dangerous condition, so long as the potential for harm was reasonably foreseeable.

## Conclusion

For the reasons stated above, the Court denies defendant Norfolk Southern's motion for summary judgment [Docket Item 32-1]. The previously set dates for filing the final pretrial order in the form provided by Local Rule 16.1, and for trial, remain in effect. The case is set for a final pretrial conference on October 26, 2001 at 4:00 p.m.

MATTHEW F. KENNELLY
United States District Judge

Date: August 13, 2001